JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Div.
BARCLAY T. SAMFORD, NM Bar No. 12323
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Div.
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel: 303-844-1475
Fax: 303-844-1350
Email: Clay.Samford@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, | ) |
| | ) Civil No. 19-cv-02416-TSC |
| Plaintiff, | ) |
| v. | ) |
| | ) **FEDERAL DEFENDANTS'** |
| MATTHEW LOHR, Chief, Natural Resource | ) **ANSWER** |
| Conservation Service, and SONNY PERDUE, | ) |
| Secretary of Agriculture | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Matthew Lohr, in his official capacity as Chief of the Natural Resource Conservation Service ("NRCS"), and Sonny Perdue in his official capacity as Secretary of Agriculture (collectively, "Federal Defendants"), by and through the undersigned counsel, submit the following Answer in response to Plaintiff's, National Wildlife Federation ("NWF"), Complaint. ECF No. 1.

The paragraph headings in this Answer correspond to the paragraph headings in Plaintiffs' Complaint and are included solely for the purpose of organizational convenience in matching the answers provided herein with the allegations made in the Complaint. The headings are not part of Federal Defendants' answer to the allegations. Federal Defendants do not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence.

1.  The allegations of paragraph 1 characterize Plaintiff's case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

2.  The allegations in the first, second, fifth and sixth sentences of paragraph 2 characterize a February 2013 Memorandum, 2017 Food Security Act Manual, and 2018 Interim Rule, each of which speaks for itself and is the best evidence of its content. Federal Defendants deny the allegations in the third, fourth, seventh, eighth, and ninth sentences of paragraph 2.

3.  The allegations in the first sentence of paragraph 3 constitute conclusions of law to which no response is required and characterize the Farm Bill, which speaks for itself and is the best evidence of its content. Federal Defendants deny the allegations in the second and third sentences of paragraph 3.

1

4. The allegations in the first sentence of paragraph 4 characterize the Interim Rule which speaks for itself and is the best evidence of its content. The allegations in the second sentence of paragraph 4 constitute conclusions of law to which no response is required and characterize the 1996 Farm Bill and Food Security Act, each of which speaks for itself and is the best evidence of its content. Federal Defendants deny the allegations in the third and fourth sentences of paragraph 4.

5. The allegations in the first sentence of paragraph 5 characterize Plaintiff's case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second sentence of paragraph characterize a report by the USDA's Office of the Inspector General ("OIG") which speaks for itself and is the best evidence of its content. The allegations in the third sentence of paragraph 5 characterize the Interim Rule, which speaks for itself and is the best evidence of its content.

6. The allegation in the first sentence of paragraph 6 characterize Plaintiff's case, to which no response is required. The allegations in the second, third, and fourth sentences of paragraph 6 constitute legal conclusions to which no response is required and purport to characterize the Environmental Assessment ("EA"), which speaks for itself and is the best evidence of its content. Federal Defendants deny the allegations in the fifth sentence of paragraph 6.

7. Federal Defendants deny the allegations in paragraph 7.

8. Federal Defendants deny the allegations in paragraph 8.

## JURISDICTION

9. The allegations in paragraph 9 constitute conclusions of law and statements regarding jurisdiction, to which no response is required.

10.     Federal Defendants lack knowledge or information sufficient to be able either to admit or deny the allegations in paragraph 10 and on that basis deny the allegations.

11.     Federals Defendants admit the NWF submitted comments during the scoping period for the Interim Rule and after issuance of the Environmental Assessment ("EA").  The allegations in the second through ninth sentences of paragraph 11 characterize the NWF's comment letters, each of which speaks for itself and is the best evidence of its content.

12.     Federal Defendants lack knowledge or information sufficient to be able either to admit or deny the allegations in paragraph 12 and on that basis deny the allegations.

13.     Federal Defendants lack knowledge or information sufficient to be able either to admit or deny the allegations in paragraph 13 and on that basis deny the allegations.

14.     Federal Defendants deny the allegations in paragraph 14.

15.     Federal Defendants deny the allegations in paragraph 15 and deny any violations of law.

16.     Federal Defendants admit the allegations in paragraph 16.

17.     Federal Defendants admit the allegations in paragraph 17.

## STATUTORY AND REGULATORY FRAMEWORK

A.    **The Farm Bill and Wetlands Conservation Compliance**

18.     The allegations in paragraph 18 characterize the Food Safety Act amended by the Farms Bills of 1990, 1996, 2002, 2008, 2014, and 2018, which speaks for itself and is the best evidence of is content.

19.     The allegations in paragraph 19 characterize and quote from a federal regulation which speaks for itself and is the best evidence of its content.

3

20. Federal Defendants deny the allegations in the first clause of the first sentence in paragraph 20 and admit the allegations in the second clause, that NRCS is responsible for making the technical determinations required to documents compliance with the wetland conservation provisions. The allegations in the second sentence of paragraph 20 characterize and quote from a federal statute which speaks for itself and is the best evidence of its content.

21. Federal Defendants admit the allegations in the first, second, third and fourth sentence of paragraph 21. In response to the allegations in the fifth sentence of paragraph 21, Federal Defendant admit that under 7 C.F.R. § 12.31(b) the term "normal circumstances" refers to the soil and hydrologic conditions that are normally present, without regard to whether the vegetation has been removed. Federal Defendants deny the allegations in sentence six of paragraph 21 and aver that the 30-year average precipitation dataset is used to determine normal climatic conditions, which is a component of "normal circumstances."

22. Federal Defendants admit the allegations in the first sentence and aver that a wetland delineation may be on a map, or on the land. Federal Defendants admit the allegations in the second sentence.

23. Federal Defendants admit the allegations in the first and fourth sentences of paragraph 23. Federal Defendants admit the allegations in the second and third sentences of paragraph 23 and aver that the wetland determination process is more fully described at 7 C.F.R. §12.30(7).

24. Federal Defendants admit the allegations in the first sentence of paragraph 24. Federal Defendants deny the allegations in the second, third, and fifth sentences of paragraph 24. In response to the allegations in the fourth sentence of paragraph 24, Federal Defendants admit that NRCS mapping conventions are designed to insure wetland delineations reflect the actual

4

size and location of wetlands. The allegations in the sixth and seventh sentences of paragraph 24 characterize Plaintiff's case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

25. Federal Defendants deny the allegations in paragraph 25 and aver that the person applying for or receiving the benefits must certify in writing on Form AD-1026 that such person will not plant an agricultural commodity on a converted wetland or convert a wetland to make possible the production of an agricultural commodity. Federal Defendants further aver that the certified wetland determination provides a technical determination of the size and location of wetlands that may be subject to Wetland Conservation provisions.

26. The allegations in the first sentence of paragraph 26 characterize the 1990 Farm Bill, which speaks for itself and is the best evidence of its content. Federal Defendants deny the allegations in the second and third sentences of paragraph 26.

27. Federal Defendants admit the allegations in the first sentence of paragraph 27. Federal Defendants deny the allegations in the second, third, fourth, fifth, and sixth sentences of paragraph 27.

28. The allegations in paragraph 28 characterize the 1996 Farm Bill, which speaks for itself and is the best evidence of its content.

**B.** **National Environmental Policy Act**

29. The allegations in paragraph 29 purport to characterize and quote from the National Environmental Policy Act ("NEPA") and a judicial opinion, each of which speaks for itself and is the best evidence of its content.

30. The allegations in paragraph 30 purport to characterize and quote from NEPA and the NEPA regulations promulgated by the Council on Environmental Quality ("CEQ" and "CEQ regulations"), each of which speaks for itself and is the best evidence of its content.

31. The allegations in paragraph 31 purport to characterize the CEQ regulations, which speak for themselves and are the best evidence of their content.

32. The allegations in paragraph 32 purport to characterize and quote the CEQ regulations, which speak for themselves and are the best evidence of their content.

33. The allegations in paragraph 33 purport to characterize and quote the CEQ regulations, which speak for themselves and are the best evidence of their content.

34. The allegations in paragraph 34 purport to characterize and quote the CEQ regulations and the CEQ's Forty Most Asked Questions Concerning CEQ's National Environmental Policy Act Regulations, 46 Fed. Reg. 18,026, 18,027 (Mar. 23, 1981), which speak for themselves and are the best evidence of their content.

35. The allegations in paragraph 35 purport to characterize and quote the CEQ regulations, which speak for themselves and are the best evidence of their content.

36. The allegations in paragraph 36 purport to characterize and quote the CEQ regulations, which speak for themselves and are the best evidence of their content.

37. The allegations in paragraph 37 purport to characterize and quote the CEQ regulations, which speak for themselves and are the best evidence of their content.

**C.   Endangered Species Act**

38. The allegations in paragraph 38 purport to characterize and quote the Endangered Species Act ("ESA") and a judicial opinion, which speak for themselves and are the best evidence of their content.

39. The allegations in paragraph 39 purport to characterize and quote the ESA, which speaks for itself and is the best evidence of its content.

40. The allegations in paragraph 40 purport to characterize and quote the ESA, which speaks for itself and is the best evidence of its content.

41. The allegations in paragraph 41 purport to characterize and quote the ESA, a judicial opinion, and Fish & Wildlife Service ("FWS") regulations, which speak for themselves and are the best evidence of their content.

42. The allegations in paragraph 42 purport to characterize and quote FWS regulations, which speak for themselves and are the best evidence of their content.

43. The allegations in paragraph 43 purport to characterize and quote FWS regulations, which speak for themselves and are the best evidence of their content.

44. The allegations in paragraph 44 purport to characterize and quote FWS regulations and the FWS Endangered Species Consultation Handbook, which speak for themselves and are the best evidence of their content.

45. The allegations in the first sentence of paragraph 45 purport to characterize the ESA, which speaks for itself and is the best evidence of its content. The allegations in the second sentence of paragraph 45 constitute conclusions of law to which no response is required.

46. The allegations in paragraph 46 purport to characterize and quote the ESA, which speaks for itself and is the best evidence of its content.

### E.     **Administrative Procedure Act**

47. The allegations in paragraph 47 purport to characterize and quote the Administrative Procedure Act ("APA") and a judicial opinion, which speak for themselves and are the best evidence of their content.

7

48. The allegations in paragraph 48 purport to characterize and quote judicial opinion, which speak for themselves and are the best evidence of their content.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

A. **The Importance of Wetlands**

49. Federal Defendants admit the allegations in paragraph 49.

50. Federal Defendants deny the allegations in the first sentence of paragraph 50 and aver that the prairie pothole region is an area in the central United States that encompasses portions of Iowa, Minnesota, North Dakota, South Dakota and Montana. Federal Defendants admit the allegations in the second and third sentences of paragraph 50.

51. Federal Defendants admit the allegations in the first and third sentences of paragraph 51. The allegations in the second sentence of paragraph 51 purport to characterize unidentified statements by the Prairie Pothole Joint Venture, which speak for themselves and are the best evidence of their content.

52. Federal Defendants admit the allegations in the first and second sentences of paragraph 52. Federal Defendants deny the allegations in the third sentence of paragraph 52, and aver that the whooping crane is listed as an endangered species, has an estimated population of 505, and uses prairie pothole wetlands as habitat or for forage.

53. Federal Defendants admit the allegations in the first sentence of paragraph 53. Federal Defendants deny the allegations in the second and third sentences of paragraph 53 and aver that the wetlands losses identified in the third sentence are losses that occurred between the 1780s and the 1980s.

54. Federal Defendants admit the allegations in the first and third sentences of paragraph 54. Federal Defendants deny the allegations in the second sentence of paragraph 54 as

overly broad, and aver that wetlands have decreased in some areas and increased in others. Federal Defendants deny the allegations in the fourth sentence of paragraph 54 and aver that that incentivizing protection of wetlands is one method of protecting them.

     55.     The allegations in the first and seventh sentences of paragraph 55 constitute conclusions of law to which no response is required.  Federal Defendants lack knowledge and information sufficient to response to the broad and ambiguous allegations in the second sentence of paragraph 55 and on that basis deny them.  Federal Defendants aver that wetlands on agricultural land have increased.  In response to the allegations in the third sentence of paragraph 55, Federal Defendants admit that consolidation of wetlands can disrupt habitat connectivity and reduce diversity and function of wetlands.  In response to the allegation in the fourth sentence of paragraph 55 Federal Defendants admit that consolidation can impact migratory birds that depend on habitat linkages to reach breeding areas, staging areas, and wintering grounds. Plaintiff's characterization of effects as "particularly devastating" is undefined and ambiguous, and on that basis is denied.  In response to the allegations in the fifth sentence of paragraph 55, Federal Defendants admit the endangered whooping crane uses prairie pothole wetlands as habitat or for forage during migration and that the endangered piping plover uses prairie pothole wetlands as habitat or for forage, and that both species could be impacted by activities that degrade or destroy wetlands.  Defendants admit the allegations in the sixth sentence with the clarification that the population declines that lead the listing of the whooping crane were a consequence of hunting and specimen collection, human disturbance, and conversion of the primary nesting habitat to hay, pastureland, and grain production.

     56.     Federal Defendants admit the allegations in the first and second sentences of paragraph 56.  Plaintiffs' characterization of effects in the third sentence of paragraph 56 as

"severe degradation and loss" is undefined and ambiguous, and on that basis is denied. Federal Defendants deny the allegations in the fourth and fifth sentences of paragraph 56. The allegations in the sixth sentence of paragraph 56 constitute conclusions of law to which no response is required. The allegations in the seventh sentence of paragraph 56 constitute Plaintiffs' characterization of their case to which no response is required.

**B.      Congress's Intent to Preserve Wetlands Through the Farm Bill**

57.     The allegations in paragraph 57 purport to characterize the 1985 Food Security Act and subsequent Farm Bills, which speak for themselves and are the best evidence of their content.

58.     Federal Defendants deny the allegations in the first and third sentences of paragraph 58. Federal Defendants admit the allegations in the second sentence of paragraph 58

59.     The allegations in paragraph 59 purport to characterize and quote the 1990 Farm Bill, which speaks for itself and is the best evidence of its content.

60.     Federal Defendants deny the allegations in paragraph 60.

61.     The allegations in the first, second, third and fifth sentences of paragraph 61 purport to characterize and quote the 1996 Farm Bill, which speaks for itself and is the best evidence of its content. The allegations in the fourth sentence or paragraph 61 purports to characterize unidentified documents, which speaks for themselves and are the best evidence of their content.

62.     The allegations in paragraph 62 purport to characterize and quote the 1996 Farm Bill, which speaks for itself and is the best evidence of its content.

63. Federal Defendants admit the NRCS promulgated regulations on September 6, 1996. The remainder of the allegations in paragraph 63 purport to characterize the regulations, which speak for themselves and are the best evidence of their content.

64. The allegations in paragraph 64 purport to characterize and quote a Federal Register notice and NRCS regulations, which speak for themselves and are the best evidence of their content.

65. Federal Defendants deny the allegations in the first sentence of paragraph 65. The allegations in the second, third, and fourth sentences of paragraph 65 purport to characterize unidentified studies, which speak for themselves and are the best evidence of their content.

66. Federal Defendants deny the allegations in paragraph 66.

67. Federal Defendants admit the allegations in the first sentence of paragraph 67. Federal Defendants deny the allegations in the second, third, fourth, and fifth sentences of paragraph 67.

68. The allegations in paragraph 68 purport to characterize and quote unidentified "[c]ontemporaneous statements" and "agency fact sheets," which speak for themselves and are the best evidence of their content.

69. Federal Defendants deny the allegation in the first sentence of paragraph 69. The allegations in the second sentence of paragraph 69 purport to characterize unidentified proposed amendments to the 2014 and 2018 Farm Bills, which speak for themselves and are the best evidence of their content.

### 1. The 2013 Decision Memorandum and 2017 Amendment

70. Federal Defendants deny the allegations in paragraph 70.

71. Federal Defendants deny the allegations in the first sentence of paragraph 71. The allegations in the second sentence of paragraph 71 purport to characterize a 2013 Memorandum, which speaks for itself and is the best evidence of its content.

72. Federal Defendants admit the 2013 Memorandum was signed by the Secretary of Agriculture. The remaining allegations in paragraph 72 purport to characterize the 2013 Memorandum, which speaks for itself and is the best evidence of its content.

73. The allegations in the first sentence of paragraph 73 purport to characterize the 2013 Memorandum, which speaks for itself and is the best evidence of its content. Federal Defendants deny the allegations in the second sentence of paragraph 73.

74. In response to the allegations in paragraph 74, Federal Defendants admit the 2013 Memorandum was not shared with the public. Federal Defendants deny they remaining allegations in paragraph 74 and deny any violation of law.

75. In response to the allegations in the first sentence of paragraph 75, Federal Defendants admit that the USDA Office of the Inspector General (OIG) issued an audit report in January 2017 entitled "NRCS: Wetland Conservation Provisions in the Prairie Pothole Region" (hereafter OIG Report). Defendant lack knowledge or information sufficient to be able either to admit or deny the allegations in the second sentence of paragraph 75 with regard to the knowledge of NWF or the "public at large," and on that basis deny the allegations. The remainder of the allegations in the first sentence of paragraph 75, and those in the third sentence of paragraph 75 purport to characterize the OIG Report, which speaks for itself and is the best evidence of its content. The allegations in the fourth and fifth sentences of paragraph 75 purport to characterize unidentified "meeting notes," which speak for themselves and are the best evidence of their content.

76. The allegations in paragraph 76 purport to characterize the OIG Report, which speaks for itself and is the best evidence of its content.

77. The allegations in the first sentence of paragraph 77 purport to characterize the OIG Report, which speaks for itself and is the best evidence of its content. Federal Defendants admit the allegations in the second sentence of paragraph 77.

78. Federal Defendants deny the allegations in the first sentence of paragraph 78. The allegations in the second sentence of paragraph 78 purport to characterize the OIG Report, which speaks for itself and is the best evidence of its content.

79. Federal Defendants deny the allegations in paragraph 79.

80. The allegations in the first sentence of paragraph 80 purport to characterize and quote from a March 2014 Complaint to the OIG, which speaks for itself and it the best evidence of its content. The allegations in the second sentence of paragraph 80 purport to characterize the OIG Report, which speaks for itself and is the best evidence of its content. The allegations in the third sentence of paragraph 80 purport to characterize a 2017 amendment to the FSA manual, which speaks for itself and is the best evidence of its content. The allegations in the fourth sentence of paragraph 80 characterize Plaintiff's case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

### 2. The Interim Rule

81. Federal Defendants admit NRCS notified stakeholders of stakeholder meeting scheduled for July 27, 2018 in a July 19, 2018 email. The remainder of the allegations in paragraph 81 purport to characterize the July 19, 2018 email and accompanying presentation, which speak for themselves and are the best evidence of their content.

82. Federal Defendants admit that a stakeholder meeting was held on July 27, 2018 and that representatives of NWF submitted written and oral comments. The remaining allegations in paragraph 82 purport to characterize the comments submitted by NWF, which speak for themselves and are the best evidence of their content.

83. Federal Defendants admit NRCS published an Interim Rule regarding Highly Erodible Land and Wetland Conservation on December 7, 2018. The remainder of the allegations in paragraph 83 purport to characterize the Interim Rule, which speaks for itself and is the best evidence of its content.

84. The allegations in the first, third, fourth, fifth, and sixth sentences of paragraph 84 purport to characterize the Interim Rule, which speaks for itself and is the best evidence of its content. Federal Defendants deny the allegations in the second sentence of paragraph 84.

85. The allegations in the first, sixth, and ninth sentences of paragraph 85 purport to characterize the Interim Rule, which speaks for itself and is the best evidence of its content. The allegations in the seventh sentence of paragraph 85 purport to characterize the Environmental Assessment ("EA"), which speaks for itself and is the best evidence of its content. In response to the allegations in the second and third sentences of paragraph 85, Federal Defendants admit that in determining wetlands under 7 C.F.R. § 12.31(b) the term "normal circumstances" refers to the soil and hydrologic conditions that are normally present, without regard to whether the vegetation has been removed. Federal Defendants deny the allegations in sentence four of paragraph 85 and aver that NOAA's the 30-year average precipitation dataset is used to determine normal climatic conditions, which is a component of "normal circumstances." In response to the allegations in sentence five, Federal Defendants admit that the 1981-2010 dataset is NOAA's latest three decade average of climatological values. In response to the

14

allegations in the eighth sentence of paragraph 85 Federal Defendants admit that the total number of wetland acres is predicted to be higher under the 1981-2010 dataset, but aver that the overall impact on the acreage of wetlands subject to Wetland Conservation provisions by continuing the use of the 1971-2000 dataset is expected to be negligible because the majority of certified wetland determinations NRCS makes require consideration of best drained conditions that existed on or before December 23, 1985.

86. Federal Defendants deny the allegations in the first, second, and third sentences of paragraph 86. The allegations in the fourth sentence of paragraph 86 purport to characterize and quote the EA, which speaks for itself and is the best evidence of its content.

87. The allegations in paragraph 87 purport to characterize the Interim Rule, which speaks for itself and is the best evidence of its content.

88. Federal Defendants deny the allegations in the first, second, and fourth sentences of paragraph 88. The allegations in the third sentence of paragraph 88 purport to characterize the OIG Report, which speaks for itself and is the best evidence of its content.

B.   **Environmental Review of the Interim Rule**

89. Federal Defendants admit the allegation in the first sentence of paragraph 89. The allegations in the second, third, and fourth sentences of paragraph 89 purport to characterize the EA, the Interim Rule, and the OIG Report, which speak for themselves and are the best evidence of their content. Federal Defendants deny the allegations in the sixth sentence of paragraph 89.

90. The allegations in the first sentence of paragraph 90 purport to characterize the EA, which speaks for itself and is the best evidence of its content. The allegations in the second sentence of paragraph 90 constitute conclusions of law to which no response is required and

15

purport to characterize and quote the CEQ regulations, which speak for themselves and are the best evidence of their content.

91. The allegations in paragraph 91 purport to characterize the EA, which speaks for itself and is the best evidence of its content.

92. The allegations in paragraph 92 purport to characterize the EA, which speaks for itself and is the best evidence of its content.

93. The allegations in the first sentence of paragraph 93 purport to characterize the EA, which speaks for itself and is the best evidence of its content. The allegations in the second and the third sentences of paragraph 93 purport to characterize the 2013 Memorandum and the OIG Report, which speak for themselves and are the best evidence of their content.

94. Federal Defendants admit that NWF submitted comments on the EA. The remainder of the allegations in paragraph 94 purport to characterize NWF's comments, which speak for themselves and are the best evidence of their content.

95. The allegations in paragraph 95 purport to characterize NWF's comments, which speak for themselves and are the best evidence of their content.

96. The allegations in paragraph 96 purport to characterize NWF's comments, which speak for themselves and are the best evidence of their content.

97. The allegations in paragraph 97 purport to characterize NWF's comments and the EA, which speak for themselves and are the best evidence of their content.

98. The allegations in paragraph 98 purport to characterize NWF's comments, which speak for themselves and are the best evidence of their content.

**C.    NRCS's Policy Changes and the Lack of ESA Compliance**

99. The allegations in the first sentence purport to characterize unidentified scientific evidence, which speaks for itself and is the best evidence of its content. Federal Defendants lack knowledge or information sufficient to respond to the allegation that NRCS has previously "acknowledged" that conservation of wintering and staging areas for migrating shorebirds is a growing concern, and on that basis deny the allegation.

100. Federal Defendants deny the allegations in the first and third sentences of paragraph 100. In response to the allegations in the second sentence of paragraph 100, Federal Defendants admit that the whopping crane, the piping plover and the least tern use wetland habitat and may be affected by its destruction or degradation and deny that the challenged NRCS policies cause such destruction or degradation.

101. Federal Defendants deny the allegations in paragraph 101.

102. Federal Defendants admit that NRCS did not engage in consultation under the ESA for the Interim Rule and deny that consultation under the ESA was required.

103. Federal Defendants deny the allegations in paragraph 103.

104. Federal Defendants admit that the NRCS follows the policy in the Interim Rule, deny that policy was first articulated in the 2013 Memorandum or implemented nationwide by the 2017 Amendment, and deny that following the Interim Rule violates any law.

105. Federal Defendants admin that NWF sent a Notice of Intent to sue ("NOI") on May 2, 2019. The remainder of the allegations in paragraph 105 purport to characterize the NOI Letter, which speaks for itself and is the best evidence of its content.

106. Federal Defendants admit that the Complaint was filed more than 60 days after submission of the NOI. Federal Defendants deny any violations of the ESA.

### **PLAINTIFF'S CLAIMS FOR RELIEF**

### Claim 1 – Violations of the Farm Bill and the APA

107. Federal Defendants incorporate all responses set forth above here by reference.

108. Federal Defendants deny the allegations in paragraph 108.

109. Federal Defendants deny the allegations in paragraph 109.

110. Federal Defendants deny the allegations in paragraph 110.

### Claim 2 – Violations of NEPA and the APA

111. Federal Defendants incorporate all responses set forth above here by reference.

112. Federal Defendants deny the allegations in paragraph 112.

113. Federal Defendants deny the allegations in paragraph 113.

114. Federal Defendants deny the allegations in paragraph 114.

115. Federal Defendants deny the allegations in paragraph 115.

116. Federal Defendants deny the allegations in paragraph 116.

117. Federal Defendants deny the allegations in paragraph 117.

118. Federal Defendants deny the allegations in paragraph 118.

119. Federal Defendants deny the allegations in paragraph 119.

120. Federal Defendants deny the allegations in paragraph 120.

121. Federal Defendants deny the allegations in paragraph 121.

122. Federal Defendants deny the allegations in paragraph 122.

123. Federal Defendants deny the allegations in paragraph 123.

124. Federal Defendants deny the allegations in paragraph 124.

125. Federal Defendants deny the allegations in paragraph 125.

### Claim 3 – Violation of the ESA

126. Federal Defendants incorporate all responses set forth above here by reference.

127.  Federal Defendants deny the allegations in paragraph 127.

128.  Federal Defendants deny the allegations in paragraph 128.

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required, but in the event that a response is deemed required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any and all allegations in Plaintiff's Complaint, whether express or implied, that are not specifically admitted.

## DEFENSES

1.  Some of the claims in Plaintiff's complaint are barred by the statute of limitations.

2.  Plaintiff lacks standing to bring some or all of the claims its complaint.

3.  Some of all of Plaintiff's claims fail to state a claim upon which relief can be granted.

DATED:  November 15, 2019                Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division

*/s/ Barclay T. Samford*
BARCLAY T. SAMFORD
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, Colorado  80202
Tel.:  (303) 844-1475
Fax:  (303) 844-1350
E-mail:  clay.samford@usdoj.gov

*Attorneys for Federal Defendants*