**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL WILDLIFE FEDERATION | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW LOHR, *et al.*, | ) | Civ. No. 19-2416 |
| | ) | |
| *Defendants*. | ) | |
| _____ | ) | |

**[CORRECTED] PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE ITS**
**SUPPLEMENTAL AND AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(d), Fed. R. Civ. P. 15(a)(2), and the Court's October 5, 2020 Scheduling Order, Plaintiff respectfully requests that the Court grant leave for Plaintiff to file the attached proposed Supplemental and Amended Complaint. Fed. R. Civ. P. 15(d) allows the court, "[o]n motion and reasonable notice," to "permit a part to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Likewise, Fed. R. Civ. P. 15(a)(2) allows a party to "amend its pleading [] with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As set forth below, Plaintiff's proposed Supplemental and Amended Complaint adds allegations and claims concerning the Natural Resource Conservation Service's ("NRCS") issuance of a final rule superseding the interim rule challenged in Plaintiff's original complaint. Additionally, as demonstrated by this Courts October 5, 2020 Scheduling Order which specifically contemplates such a filing, Plaintiff has given both Federal Defendants and the Court notice of its intent to file an amended or supplemental pleading. Plaintiff has conferred with counsel for Federal Defendants, and reports that Federal Defendants do not oppose the

motion. Accordingly, Plaintiff respectfully requests that the Court grant this motion and permit Plaintiff to file the attached proposed Supplemental and Amended Complaint.[1]

As described in Federal Defendant's August 10, 2020 Unopposed Motion to Stay Briefing, ECF No. 19, and the parties' previous joint status report, ECF No. 21, after NWF filed its initial Opening Brief, NRCS decided to issue a Final Rule on the Highly Erodible Land and Wetland Conservation provisions of the Food Security Act ("Final Rule") to supersede and replace the Interim Rule for the Highly Erodible Land and Wetland Conservation Compliance provisions of the Food Security Act of 1985 ("Interim Rule") that was challenged in Plaintiff's original complaint. *See* ECF No. 1.

On July 6, 2020, counsel for federal Defendants emailed counsel for NWF to advise that NRCS intended to issue its Final Rule no later than August 31, 2020. On July 10, 2020, Federal Defendants moved to stay briefing in the case until the earlier of either the Final Rule, or August 31, 2020. ECF No. 19. This Court granted that motion. July 15, 2020 Minute Order.

NRCS issued its Final Rule on the Highly Erodible Land and Wetland Conservation provisions on August 28, 2020. 85 Fed. Reg. 53,137 (Aug. 28, 2020). On September 15, 2020, counsel for Plaintiff conferred with counsel for Federal Defendants to propose a schedule for moving forward with the case and notified counsel for Defendants of its intent to file a supplemental complaint. On September 27, 2020, the Parties filed a joint status report proposing a schedule for moving forward with this case. Relevant here, NWF proposed to file a

---

[1] In the parties' September 27, 2020 Joint Status Report, the parties stipulated that given the particular posture of this case, and considering that this case seeks judicial review on an administrative record under the standards of the Administrative Procedure Act, 5 U.S.C. § 706, resolution of the case does not require Federal Defendants to file a separate answer to Plaintiff's proposed Supplemental and Amended Complaint. The parties further agreed that this stipulation is intended solely to facilitate efficient resolution of this litigation and should not be construed as an admission of any issue of law or fact by any party.

supplemental complaint by October 13, 2020 to update the Court on the Final Rule and to add claims specific to the Final Rule.[2] On October 5, 2020, this Court issued a Minute Order adopting the parties' proposed schedule and ordered that Plaintiff file its amended complaint by October 13, 2020. Minute Order Oct. 5, 2020.

Accordingly, Plaintiff has notified Federal Defendants and the Court of its intent to file an Amended or Supplemental Complaint regarding the Final Rule. As Plaintiff previously suggested, the proposed supplemental and amended complaint adds allegations and claims that concern NRCS's Final Rule that "makes permanent many of the changes made in the [December 2018] interim rule," which had codified major policy changes to the wetland conservation program. Because the Final Rule and Plaintiff's new allegations and claims are inextricably linked to the allegations and claims in Plaintiff's original complaint, the filing of the Proposed Amended and Supplemental Complaint is essential to the resolution of this case.

Plaintiff has conferred with counsel for Federal Defendants concerning this motion. Defendants report that they do not oppose this motion.

Attached to this motion as exhibits are: (1) a copy of Plaintiff's proposed Supplemental and Amended Complaint; (2) a redline version of Plaintiff's proposed Supplemental and Amended Complaint showing the changes made to the original complaint; and (3) a copy of the Final Rule.

---

[2] Due to conflicting professional obligations, counsel for Plaintiff inadvertently neglected to file the proposed Supplemental and Amended Complaint on October 13, 2020. However, Counsel for Plaintiff provided a copy of the proposed filing to counsel for Federal Defendants on October 8, 2020. Additionally, as stipulated in the parties' Joint Status Report, an answer to the proposed Supplemental and Amended Complaint is not necessary. Accordingly, Federal Defendants will not be prejudiced by the one day delay in the filing of the proposed Supplemental and Amended Complaint. *See* Fed. R. Civ. P. 6(b)(1)(B) (allowing the court to extend time "on motion made after the time has expired if the party failed to act because of excusable neglect").

Respectfully submitted this 14th day of October, 2020

/s/Elizabeth L. Lewis
Elizabeth L. Lewis
DC Bar No. 229702

/s/William N. Lawton
William N. Lawton
DC Bar No. 1046604

/s/William S. Eubanks, II
William S. Eubanks, II
DC Bar No. 987036

Eubanks & Associates, LLC
1331 H St NW, Ste. 902
Washington, DC 20015
202-556-1243
lizzie@eubankslegal.com
nick@eubankslegal.com
bill@eubankslegal.com

*Counsel for Plaintiff*